**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TYRONE ANDREWS,
Plaintiff-Appellant,

v.                                                        No. 99-1044

ROBERT E. BELL, JR.,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-97-472-5-H-1)

Submitted: October 29, 1999

Decided: November 16, 1999

Before WIDENER, MURNAGHAN, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tyrone Andrews, Appellant Pro Se. Christine Marion Ryan, OFFICE
OF THE ATTORNEY GENERAL OF NORTH CAROLINA,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Tyrone Andrews filed suit under Title VII of the Civil Rights Act of 1964 alleging that Defendant, Robert E. Bell, Jr., did not recommend him to be hired as a driver's license examiner for the State of North Carolina Division of Motor Vehicles on account of his race. Andrews now appeals the district court's various discovery and evidentiary rulings as well as the court's final judgment granting Bell's motion for a directed verdict and entering judgment as a matter of law against Andrews pursuant to Fed. R. Civ. P. 50. We have reviewed the court's discovery and evidentiary rulings in light of Andrews' objections and find no abuse of discretion. See WLR Foods, Inc. v. Tyson Foods, Inc., 65 F.3d 1172, 1184 (4th Cir. 1995).

We review the district court's judgment granting Bell a directed verdict de novo. See Parker v. Prudential Ins. Co. of Am., 900 F.2d 772, 776 (4th Cir. 1996). The district court must direct a verdict if, without weighing the evidence or considering the credibility of the witnesses, it finds that a reasonable jury could reach but one conclusion or that a verdict in favor of the non-moving party would necessarily be based upon speculation and conjecture. See Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). If, however, the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created and a motion for a directed verdict should be denied. In making this determination, the evidence and all reasonable inferences therefrom are reviewed in the light most favorable to the non-moving party. See Hofherr v. Dart Indus., Inc., 853 F.2d 259, 261-62 (4th Cir. 1988).

Andrews must establish a prima facie case of discrimination by a preponderance of the evidence. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). If he succeeds in establishing a prima facie case, the burden then shifts to Defendant to articulate some legitimate, non-discriminatory reason for the adverse employment action. Id. at 253. If Defendant meets that burden, Andrews must then prove by a preponderance of the evidence that the reasons offered by Defendant is a mere pretext for discrimination. Id.

2

To establish a prima facie case of discriminatory failure to hire, or as here to recommend for hire, Andrews must show that: (1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position in favor of someone not a member of the protected group under circumstances giving rise to an inference of unlawful discrimination. See Alvarado v. Bd. of Trustees of Montgomery Community College, 928 F.2d 118, 121 (4th Cir. 1991).

We have reviewed the transcripts of the evidence Andrews presented at trial and the court's oral ruling on Bell's Rule 50 motion for judgment as a matter of law. We find that the district court did not err in finding as a matter of law no legally sufficient evidentiary basis for a reasonable jury to find for Andrews. Accordingly, we affirm the judgment of the district court. We further deny Andrews' motion for a hearing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3